UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DIA WILLIAMS, | ) | |
|---|---|---|
| Movant, | ) | |
| | ) | No. 4:15CV00721 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On August 22, 2008, movant pled guilty to conspiracy to distribute and possess with the intent to distribute heroin. On November 6, 2008, the Court sentenced movant to 120 months' imprisonment and five years of supervised release.[1] Movant did not appeal.

However, on April 11, 2014, movant filed a motion to amend/correct the judgment, pursuant to Fed.R.Crim.P.36. Movant argued that the Court had made a clerical error in adopting a two-level increase in his offense level at sentencing because the Court had never made an unambiguous finding that movant possessed a weapon in connection with his offense. After fully reviewing the sentencing hearing, the Court found no error in the judgment and denied movant's motion on April 25, 2014.

---

[1]The Court ordered movant's sentence to run concurrently with sentences imposed in movant's state court cases #0622CR03258 and #07CR767.

Movant filed a motion to vacate his sentence pursuant § 2255 on April 30, 2015 asserting ineffective assistance of counsel for failure to "argue against the firearm enhancement at sentencing."[2]

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Movant makes a conclusory statement that his time limits should be "equitably tolled" because he "could not have known that his attorney provided him with ineffective assistance at sentencing." The Court fails to follow this line of argument given that movant was fully present at sentencing. The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the movant into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." *Id.* at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on November 6, 2008. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on November 20, 2008. The instant motion was placed in the prison mail system by movant on April 30, 2015. Therefore, it is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

So Ordered this 7th day of May, 2015.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE