# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIA WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | No. 4:15CV00721 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Court's order to show cause why movant's motion to vacate, brought pursuant to 28 U.S.C. § 2255, should not be dismissed as time-barred. Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

As set forth in greater detail in the Court's May 7, 2015 Memorandum and Order, an unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

Movant was sentenced on November 6, 2008, to 120 months' imprisonment and five years of supervised release after pleading guilty to conspiracy to distribute and possess with the intent to distribute heroin.[1] Movant did not file a direct appeal of his sentence.

In this case, the one-year period of limitations under § 2255 expired on November 20, 2008. Fed. R. App. Proc. 4(b)(1). The instant motion was placed in the prison mail system by movant on April 30, 2015. Therefore, it is time-barred.

---

[1] The Court ordered movant's sentence to run concurrently with sentences imposed in movant's state court cases #0622CR03258 and #07CR767.

Movant asserts in his response brief that his concerns are "not really with the sentencing guidelines. . .but with the clarity of the ruling on the topic of the 2D1.1(b)(1) firearm enhancement." Movant states that it is the "firearm enhancement ruling" that is "preventing [him] from receiving 12 months credit for participating and completing the Residential Drug Abuse Program (RDAP)."

This Court has addressed movant's assertions regarding the two level enhancement at sentencing for possession of a firearm in a prior ruling, on April 25, 2014, noting that movant possessed a weapon in connection with the criminal offense for which he was convicted and sentenced and therefore the two level enhancement was appropriate. Although the Court has some sympathy for movant, the Court sees no legal reason to change its prior ruling on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 8th day of June, 2015.

*E. Richard Webber*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE